UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10988-RWZ

PAT STARKEY

v.

MARC BIRRITTERI

MEMORANDUM OF DECISION

August 2, 2013

ZOBEL, D.J.

Plaintiff Pat Starkey has sued defendant Marc Birritteri, a police officer of the City of Revere, for malicious prosecution. As part of the discovery process, Starkey served a subpoena on the Suffolk County District Attorney's Office ("the DA's Office") ordering it to produce certain documents and to make Assistant District Attorney Nicholas Brandt available for a deposition. The DA's Office and Brandt, neither of whom are parties to the underlying suit, have moved to quash the subpoena in part.

I.   **Analysis**

The movants raise five arguments in support of their motion to quash. First, they assert that some of the documents Starkey seeks contain criminal offender record information ("CORI") whose dissemination is restricted by Massachusetts law. See Mass. Gen. Laws ch. 6, § 167 et seq. Because of uncertainty about how that law applies, the movants refuse to produce the CORI information at issue without a court order. I have determined that this CORI information—all of which pertains only to

Starkey himself—may be lawfully produced for use in this suit. Starkey shall therefore submit to the court a proposed order authorizing the release of this information.

Second, the movants argue that the subpoena seeks some information that is covered by the attorney work product doctrine—namely, information that the movants prepared in order to prosecute Starkey. Under Federal Rule of Civil Procedure 26(b)(3), a party normally may not discover documents "prepared in anticipation of litigation by or for another party or its representative." Fed. R. Civ. P. 26(b)(3). Of course, the movants do not fall within the literal language of that Rule because they are not parties to the underlying action. See, e.g., In re Cal. Pub. Utils. Comm'n, 892 F.2d 778, 780-81 (9th Cir. 1989); Allied Irish Banks v. Bank of Am., 252 F.R.D. 163, 173 (S.D.N.Y. 2008); 8 Charles Alan Wright et al., Federal Practice and Procedure, § 2024 (West 2013). Nevertheless, the reasons behind the work product privilege apply with some force here. To prosecute a case effectively, a district attorney must "work with a certain degree of privacy." United States v. Nobles, 422 U.S. 225, 237 (1975) (quoting Hickman v. Taylor, 329 U.S. 495, 510 (1947)). That is why the work product privilege applies in criminal litigation as well as civil litigation: "The interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case." Id. at 238. If a district attorney's notes and testimony regarding his charging decisions and his trial strategy could be subpoenaed at will in subsequent civil litigation—particularly in a malicious prosecution suit brought by a former defendant—the government's ability to prepare its case might be seriously impaired. In

this scenario, even if Rule 26(b)(3) does not consider the material privileged, the court may still decide to protect it. See Cal. Pub. Utils. Comm'n, 892 F.2d at 781 (noting that a nonparty may seek a protective order even if not covered by Rule 26(b)(3)); In re Polypropylene Carpet Antitrust Litig., 181 F.R.D. 680, 691-92 (N.D. Ga. 1998).

Third, the movants argue that a deliberative process privilege protects their deliberations over whether and how to prosecute Starkey, and so the subpoena should be quashed as to any documents and any testimony on that topic. The deliberative process privilege generally protects the ability of government agencies to make fully informed decisions, by barring discovery of materials that expose the internal process by which those decisions were made. See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150-52 (1975). This privilege has been applied to protect not only decisions made by federal government agencies, but also decisions by prosecutors. See Fortunati v. Campagne, Civil Action No. 07-143, 2009 WL 385433, at *2-3 (D. Vt. Feb. 12, 2009); Gomez v. City of Nashua, 126 F.R.D. 432, 434-35 (D.N.H. 1989). The privilege is "qualified rather than absolute, and a trial court is thus obliged to balance conflicting interests on a case-by-case basis in ruling on particular claims of privilege." Ass'n for Reduction of Violence v. Hall, 734 F.2d 63, 66 (1st Cir. 1984).

In this case, I find the movants should not be compelled to produce materials regarding their preparation for Starkey's prosecution and their deliberations surrounding that case. First, Starkey has not shown a substantial need to discover what Brandt and the DA's Office thought about the case against him. Starkey's malicious prosecution claim depends primarily on what Birritteri did to encourage the prosecution.

Birritteri's actions, not the prosecutors' thoughts, are the heart of the case. Moreover, even if Starkey had shown a substantial need to discover what the prosecutors thought, that need would still be outweighed by the opposing public interest. "The decision whether to prosecute is the product of a deliberative process which should be afforded a high degree of protection from public inquiry." Gomez, 126 F.R.D. at 435. Considering both the deliberative process privilege and the policies behind the work product privilege, I find that the subpoena must be modified to exclude documents and testimony reflecting the movants' thoughts or opinions about Starkey's prosecution, and to exclude materials created by the movants in preparation for that case. See Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv).

Fourth, the movants argue that the federal privilege over law enforcement techniques and procedures protects against disclosure of Birritteri's police reports and similar information. See Puerto Rico v. United States, 490 F.3d 50, 62-64 (1st Cir. 2007) (recognizing a qualified privilege for "law enforcement techniques and procedures"). That argument is mistaken. It does not appear that disclosing Birritteri's reports, which simply describe the events at issue in this case, would expose any confidential law enforcement techniques or procedures. In any event, Starkey's interest in the disclosure of these materials is particularly strong, since his case depends on exactly what Birritteri said to the prosecution team. I therefore find the federal privilege over law enforcement techniques and procedures does not apply here.

Finally, the movants argue that Birritteri's communications with the DA's Office are protected by an absolute governmental privilege under Massachusetts law

4

protecting information provided to law enforcement. As applied to written records, the common-law privilege that the movants cite has been superseded by the Massachusetts public records statute, Mass. Gen. Laws ch. 66, § 10, which provides for public access to all public records unless they fall within certain specified exceptions. See Mass. Gen. Laws ch. 4, § 7, para. 26; Dist. Att'y for Norfolk Dist. v. Flatley, 646 N.E.2d 127, 129-30 (Mass. 1995). One such exception does protect from disclosure "investigatory materials"; however, it applies only where the disclosure of those materials "would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest." Id. subsec. (f). That is not the case here, particularly given that the investigation at issue is no longer ongoing. See Rafuse v. Stryker, 813 N.E.2d 558, 562-63 (Mass. App. Ct. 2004). Moreover, the broader privilege that the movants cite does not apply where, as here, the identities of the persons communicating information to law enforcement and the general nature of the information they communicated have already been divulged. See Pihl v. Morris, 66 N.E.2d 804, 805-06 (Mass. 1945). The subpoena therefore does not offend any Massachusetts state law privilege in this respect.[1]

## II. Conclusion

As an exhibit to their motion, the movants have attached an exemplary privilege log describing the documents they seek to withhold. Applying the principles above to that privilege log, I find the subpoena must be quashed as to items 1, 5-7, and 10-12. In

---

[1] As such, I need not decide whether the state law privilege the movants assert should apply in a federal proceeding. See In re Hampers, 651 F.2d 19, 21-24 (1st Cir. 1981).

addition, the subpoena shall be quashed as to any handwritten annotations on item 2. Once this court has entered the requested CORI order, the movants shall comply with the subpoena by producing a version of item 2 with any handwritten annotations redacted, and by producing items 3, 4, 8, and 9. Finally, Brandt shall appear to provide testimony by deposition; but he shall not be required to answer any questions regarding his own thought processes or his conversations with other members of the DA's Office.

|  |  |
|---|---|
|     August 2, 2013     |     /s/Rya W. Zobel     |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |